IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00626-BNB

MARK ALFRED MILLER,

Applicant,

v.

WARDEN BRIGHAM SLOAN, B.C.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 27 2008

GREGORY C. LANGHAM
                          CLERK

ORDER OF DISMISSAL

Applicant Mark Alfred Miller is a prisoner in the custody of the Colorado Department of Corrections. Mr. Miller was incarcerated at the North Fork Correctional Facility in Sayre, Oklahoma, when he initiated this action. On May 28, 2008, Mr. Miller informed the Court that he had been transferred to the Bent County Correctional Facility in Las Animas, Colorado. Therefore, the warden of the Bent County Correctional Facility has been substituted as a Respondent for the warden of the North Fork Correctional Facility.

Mr. Miller has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 18, 2008, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 8, 2008, Respondents filed their Pre-Answer Response. On July 11, 2008, after being granted an extension of

time, Mr. Miller filed a timely reply to the Pre-Answer Response. Mr. Miller also filed a motion for appointment of counsel on July 11, 2008, that remains pending. That motion will be denied as moot.

The Court must construe the application and other papers filed by Mr. Miller liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Miller is challenging the validity of his convictions in three separate cases in the Jefferson County District Court. The three state court case numbers are 04CR330, 04CR349, and 04CR709. Mr. Miller entered a guilty plea that addressed the charges in each of these cases. Mr. Miller pled guilty to possession of a controlled substance, second degree burglary, and robbery and he was sentenced to a total term of thirty-six years in prison. In addition, the parties agreed to resolve another case filed against Mr. Miller that was not addressed by the plea agreement. As a result, the charges in case number 04CR1633 were dismissed and restitution owing in that case was attached to case number 04CR439.

Mr. Miller separately appealed the three sentences and each sentence was affirmed by the Colorado Court of Appeals on September 7, 2006. On February 20, 2007, the Colorado Supreme Court denied Mr. Miller's petitions for a writ of certiorari in each of his three appeals. On June 22, 2007, Mr. Miller filed a motion for sentence

2

reconsideration addressing all three cases that was denied on October 10, 2007. On December 17, 2007, Mr. Miller filed a motion titled "Request for a 35(c) Motion Hearing for Ineffective Assistance of Counsel" addressing all three cases that was denied on January 10, 2008.

On March 10, 2008, Mr. Miller filed a notice of appeal in the Colorado Court of Appeals. On March 14, 2008, the Colorado Court of Appeals ordered Mr. Miller to show cause why the appeal should not be dismissed. The Colorado Court of Appeals noted that the notice of appeal was untimely as to the trial court's October 10, 2007, order denying sentence reconsideration and that the trial court's January 10, 2008, order was not a final, appealable judgment or order because there was no indication that the trial court had ruled on the merits of the Rule 35(c) motion. On May 13, 2008, the Colorado Court of Appeals dismissed Mr. Miller's appeal because it was not timely filed and good cause had not been shown.

Finally, Mr. Miller has filed in the Colorado Supreme Court a petition for writ of habeas corpus that was denied on July 22, 2008. The Court received the instant action for filing on March 24, 2008.

Mr. Miller asserts three claims for relief in the application for a writ of habeas corpus. He first claims that counsel had a conflict of interest and was ineffective because counsel represented the complaining witnesses for case number 04CR349 in an unrelated matter while she was representing Mr. Miller in case number 04CR349. Mr. Miller's second claim is that counsel was ineffective by failing to investigate new evidence that demonstrated Mr. Miller had an alibi for the robbery charge in 04CR709 and by having his rights to preliminary and trial hearings waived. Mr. Miller finally

3

claims that he improperly was ordered to pay restitution relevant to case number 04CR1633 because all of the charges in that case were dismissed.

In his July 11, 2008, reply to the Pre-Answer Response, Mr. Miller lists only the two ineffective assistance of counsel claims as the claims he is raising in this action. Therefore, it is not clear whether he still intends to pursue the restitution claim in this action. Because Mr. Miller has not stated clearly that he intends to abandon the restitution claim, the Court will address all three claims in this order.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that Mr. Miller failed to exhaust state remedies for the claims he is raising in this action. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

4

1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

The Court has reviewed the briefs filed by Mr. Miller on direct appeal and finds that Mr. Miller did not raise either of the ineffective assistance of counsel claims on direct appeal. Mr. Miller did raise his restitution claim on direct appeal from the sentence imposed in case number 04CR349. However, he did not raise the restitution claim as a federal constitutional claim on direct appeal. Instead, Mr. Miller argued only that imposition of restitution for charges that were dismissed violated state law.

5

Therefore, the restitution claim was not fairly presented to the Colorado state courts as a matter of federal constitutional law. As a result, the court finds that Mr. Miller did not exhaust any of his claims on direct appeal.

Mr. Miller raised his first ineffective assistance of counsel claim in the motion he filed in the Jefferson County District Court in December 2007 that was titled "Request for a 35(c) Motion Hearing for Ineffective Assistance of Counsel." As noted above, the trial court denied the December 2007 motion on January 10, 2008, and the Colorado Court of Appeals dismissed Mr. Miller's appeal from the January 10 order for lack of a final, appealable order because there was no indication that the trial court had ruled on the merits of Mr. Miller's 35(c) claims. Therefore, the Court finds that Mr. Miller's first ineffective assistance of counsel claim was not exhausted in the Rule 35(c) proceedings because that claim was not fairly presented to the Colorado appellate courts in those proceedings.

Finally, Mr. Miller argues that he has exhausted state remedies by filing a petition for writ of habeas corpus in the Colorado Supreme Court that was denied on July 22, 2008. It is not clear to the Court what claims Mr. Miller raised in the state habeas corpus petition. However, it is clear that the state habeas corpus petition does not satisfy the exhaustion requirement. First, even assuming Mr. Miller did raise all of his claims in the state habeas corpus petition, it is clear that he did not exhaust state remedies prior to filing the instant action because the state habeas corpus petition was not filed and denied until after the instant action already had been filed.

More importantly, though, an original petition for a writ of habeas corpus filed in the Colorado Supreme Court does not satisfy the requirement that claims be presented

fairly to the state's highest court. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; **see also Parkhurst v. Shillinger**, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. **See Rogers v. Best**, 171 P.2d 769, 770 (Colo. 1946). Therefore, because the Colorado Supreme Court declined to address the merits of the claims Mr. Miller raised in his original petition for a writ of habeas corpus, that petition does not constitute fair presentation of the claims asserted.

In conclusion, the Court finds that Mr. Miller has failed to exhaust state court remedies for any of the claims he is raising in this action. Respondents contend that the instant action should be dismissed as a mixed petition because Mr. Miller's second and third claims for relief are procedurally barred at this time and, therefore, technically are exhausted. The Court will not make any findings regarding procedural default at this time. Instead, the Court will dismiss the entire action without prejudice for failure to exhaust state remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that the motion for appointment of counsel filed on July 11, 2008, is denied as moot.

DATED at Denver, Colorado, this 26 day of Aug., 2008.

BY THE COURT:

/s/ Zita L. Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00626-BNB

Mark Alfred Miller
Prisoner No. 92802
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  8/27/08 .

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk